SAMUEL S. STONE *v.* JOSEPH A. ROSENFIELD ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued February 3—decided March 31, 1954

*Henry J. Goldberg,* with whom were *Seymour A. Rothenberg* and, on the brief, *Jacob Schwolsky,* for the appellant (plaintiff).

*Edward J. Lonergan,* for the appellees (defendant Rosenfield et al.).

WYNNE, J. This action was brought to foreclose a mechanic's lien filed by the plaintiff on property owned by the defendants Joseph A. Rosenfield and Richard Weinfield, hereinafter referred to as the defendants. The trial court found that the lien was void. From its judgment an appeal was taken.

The finding is not subject to correction. The facts may be summarized as follows: The property is located on Wethersfield Avenue in Hartford. It includes a two-family dwelling house and, in the rear, a brick building formerly used as an ice plant. On June 6, 1950, the defendants and Holland Cleansers, Inc., entered into a bond for a deed which provided for a conveyance by the defendants on or before January 2, 1951, with a right in them to declare the

bond for a deed null and void in the event of the bankruptcy of Holland Cleansers. Weekly payments as rental were to be credited on the purchase price if and when the title was conveyed. Holland Cleansers did in fact file a petition in bankruptcy March 15, 1951, and the defendants nullified the bond for a deed and so notified the trustee in bankruptcy.

Prior to its bankruptcy, Holland Cleansers had embarked upon work to install, at its own cost, a dry-cleaning plant and shirt laundry in the rear building on the premises. With the approval of the defendants, it employed the plaintiff to do the work. Electric wiring was already in the building for lighting purposes when the plaintiff started his work, but wiring which was not adaptable for use by Holland Cleansers was removed. The plaintiff installed a wiring system to furnish power to run the dry-cleaning and laundry machines being installed and to provide further lighting for the plant. The work included the placing of conduits and panel boards. It was done under the direction of the defendant Weinfield and an officer of Holland Cleansers. Weinfield had assured the plaintiff that his bill would be paid. The work involved breaking through some walls, putting lead shields in at least one hole and placing screws in the shields to support conduits and boxes. The plaintiff did not complete all of the electrical work, having stopped because he had not been paid every week as agreed. The materials furnished and the services rendered were solely for the purpose of Holland Cleansers and had no value for any other business. Practically all of the wiring installed by the plaintiff was removed after Holland Cleansers became bankrupt.

The trial court concluded that the materials were not furnished, and the services were not rendered,

for the "construction, raising, removal or repairs" of the defendants' building and that the plaintiff's lien was therefore void. General Statutes § 7217. In the assignment of errors exception is taken to the conclusions set forth in the three paragraphs of the finding that are conclusive of this appeal. The second assignment of error is concerned with the court's failure to adopt diametrically opposite conclusions, which in substance were that the work was a construction or repair job and thus a lien could attach. The point is argued that the subordinate facts do not support the conclusions. The question is therefore presented whether the installation was of such a nature as to make it a permanent part of the building. The plaintiff's argument is that, in view of the fact that the building was under contract of sale to Holland Cleansers, the intention of the parties was that the electrical wiring should become a permanent fixture.

So far as pertinent, § 7217 of the General Statutes provides: "If any person shall have a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances . . . such building, with the land on which it stands, shall be subject to the payment of such claim." The purpose of the statute is to give a contractor security for labor and material. The statute must be construed in such a way as to render the lien it provides for of some value. *New Haven Orphan Asylum* v. *James A. Haggerty Co.,* 108 Conn. 232, 238, 142 A. 847. We cannot, however, depart from the plain meaning of the words of the statute. General Statutes § 8890; *Hartford* v. *Suffield,* 137 Conn. 341, 77 A.2d 760. If the materials are not furnished, and the work is not done, in the

construction, raising, removal or repairs of a building, there can be no lien. Furthermore, when repairs are relied upon as the basis of a lien, it must appear that the materials furnished and the labor performed went into something which already was, or was to become, permanently attached to the realty. Whether such a situation prevails is for the trier to determine as a fact. *Shelley* v. *Kofka,* 107 Cal. App. 2d 827, 830, 237 P.2d 984; 36 Am. Jur. 170; 57 C.J.S. 994; see *Portland Building & Loan Assn.* v. *Peck,* 110 Conn. 670, 674, 149 A. 214. The plaintiff made no claim that his lien arose from the "construction, raising [or] removal" of the building upon which he worked. The trial court's conclusion that the work done and the materials furnished by the plaintiff did not come under the category of repairs was one of fact and is supported by the subordinate facts found. The plaintiff's work did not result in any structural changes in the building.

The installation of fixtures in a building gives rise to a lien under the statute only if the fixtures become a part of the realty, that is, only if they are permanent fixtures. *Stockwell* v. *Campbell,* 39 Conn. 362, 364; see *Rose* v. *Persse & Brooks Paper Works,* 29 Conn. 256, 267; *Abbadessa* v. *Puglisi,* 101 Conn. 1, 3, 124 A. 838. "[I]t is essential to constitute a fixture that an article should not only be annexed to the freehold, but that it should clearly appear from an inspection of the property itself, taking into consideration the character of the annexation, the nature and the adaptation of the article annexed to the uses and purposes to which that part of the building was appropriated at the time the annexation was made, and the relation of the party making it to the property in question, that a permanent accession to the freehold was intended to be made by the annexa-

tion of the article." *Capen* v. *Peckham,* 35 Conn. 88, 94; *Lesser* v. *Bridgeport-City Trust Co.,* 124 Conn. 59, 63, 198 A. 252. We cannot say, upon the subordinate facts found, that the trial court was in error in concluding that the circumstances connected with the installation of the wiring by the plaintiff were not such as to indicate that it was the intention of the parties to constitute that wiring a permanent accession to the building. It follows that the wiring did not become a part of the realty and consequently its installation was not the furnishing of materials or the rendering of services for the construction or repair of the defendants' building.

The view we take makes it unnecessary to discuss the claims of error made in the bill of exceptions filed by the defendants.

There is no error.

In this opinion the other judges concurred.