[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Having reviewed the evidence and the parties' briefs, the court finds the issues for the defendant and concludes that there is probable cause to sustain the validity of the defendant's mechanic's lien. General Statutes § 49-35b(a). The plaintiff's argument that the defendant's claim does not fall within the ambit of the statute is unpersuasive. The defendant's claim is for materials furnished for the repairing of a building. General Statutes § 49-33. Stone v. Rosenfeld,141 Conn. 188 (1954), is inapposite on its facts and the plaintiff's position is inconsistent with the legislative intent of the mechanic's lien statute. "Although the mechanic's lien law creates a statutory lien in derogation of the common law, its remedial purpose to furnish security for a contractor's labor and materials requires a generous construction." Seaman v. Climate Control Corporation, 181 Conn. 592,597 (1980). "A `mechanic' is normally envisioned as a skilled worker who brings about a result by the use of tools, machines or equipment."Nickel Minebrook Associates v. Joseph E. Sakal P.C., 217 Conn. 361, 368
(1991). The plaintiff's position would enable an owner to circumvent the remedial purpose of the statute by separately leasing the tools, machines or equipment necessary for the "mechanic" to construct, raise, remove or repair a building or appurtenance or to improve a lot. Courts should not countenance an interpretation which would circumvent the remedial purpose of a statute. Fyber Properties KillingworthLimited Partnership v. Sharnoff, 228 Conn. 476, 485 (1994); NationwideMutual Insurance Co. v. Pasion, 219 Conn. 764, 771 (1991); WinchesterWoods Associates v. Planning Zoning Commission, 219 Conn. 303, 311
(1991); McCutcheon Burr Inc. v. Berman, 218 Conn. 512, 530
(1991). CT Page 1482
While "there [are] numerous questions remaining to be resolved at the trial with respect to. . .factual [issues]. . .these questions [do] not militate against a finding of probable cause." Three S. Development Co.v. Santore, 193 Conn. 174, 179 (1984). The plaintiff has not proved by clear and convincing evidence that the validity of the lien should not be sustained. General Statutes § 49-35b(a).
The application for discharge of mechanic's lien, therefore, is denied.
BY THE COURT, LEVIN, JUDGE