[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT'S, STATE OF CONNECTICUT, MOTIONFOR SUMMARY JUDGMENT ON THE CROSSCLAIM OF THE DEFENDANT, CONSTRUCTIONSERVICES OF BRISTOL, INC.
In this action, the defendant, Construction Services of Bristol, Inc. (CSB), by Amended Crossclaim dated December 14, 1994, seeks to foreclose a mechanic's lien recorded on the Land Records of the city of Middletown on July 14, 1988.
The defendant, State of Connecticut, (State) is the holder of a mortgage on the property that is the subject of the mechanic's lien and the parties are in dispute regarding the priorities of their respective liens.
The court holds that all of the facts necessary for the determination of the State's motion for summary judgment have been admitted by the parties, either by judicial admissions in CT Page 1616 the pleadings, by responses to requests for admissions, or by stipulation regarding exhibits that have been marked for trial.
The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which would, under applicable law, entitle it to a judgment as a matter of law. D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434, 429 A.2d 908 (1980). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. EvansProducts, Co. v. Clinton Building Supply, Inc., 174 Conn. 512,516, 391 A.2d 157 (1978). It must be shown that it is quite clear what is the truth, and that excludes any real doubt as to the existence of any genuine issue of material fact. D.H.R.Construction v. Donnelly, supra.
The court expressly finds that, for the purposes of ruling on the State's motion for summary judgment, there is no genuine issue as to any material fact.
The court finds the undisputed facts to be as follows:
The State's mortgage was recorded on the Land Records on February 2, 1987.
CSB's mechanics lien was recorded July 14, 1988, and, in it CSB avers, under oath, that CSB commenced providing service or materials to the property on January 21, 1987.
CSB has, by permission of the court, amended its Crossclaim and now contends that it commenced providing services or materials on the property on March 11, 1986.
Section 49-34 of the General Statutes provides inter alia, that a Certificate of Lien contain the date the lienor commenced the performance of services or furnishing of materials.
Obviously, the commencement date of January 21, 1987 differs from the commencement date of March 11, 1986 alleged by CSB in its Amended Crossclaim dated December 14, 1994. Thus, CSB has declared as a judicial admission in its counterclaim, that the commencement date of its performance was March 11, 1986 and not January 21, 1987 as contained in the recorded certificate of lien's. Therefore, such judicial admission is conclusive on CSB and the matter admitted is not in issue, i.e., the date CSB CT Page 1617 commenced providing services and materials. Jones Destruction,Inc. v. Upjohn, 161 Conn. 191, 199 (1971); see also State ex rel.Scala v. Airport Commission, 154 Conn. 168, 177, 224 A.2d 236;DelVecchio v. DelVecchio, 146 Conn. 188, 191, 148 A.2d 554;Bridgeport v. Stratford, 142 Conn. 634, 646, 116 A.2d 508.
Section 49-34 states unequiviably that "A mechanic's lien isnot valid, unless the person performing the services or furnishing the materials, . . . lodges with the town clerk, . . . a certificate in writing . . . describing . . . the date of the commencement of the performance of services or furnishing of materials. . . ." (Emphasis added.)
The intent of the legislature is clear and unambiguous. To be valid a mechanic's lien must contain the elements required in the statute.
The court agrees that Connecticut has long endorsed a policy favoring liberal construction of claimed inadequacies in certificates of mechanic's liens in order to achieve the remedial purposes of the mechanic's liens statute. J.C. Penney Properties,Inc. v. Peter M. Santella Co., 210 Conn. 511, 514. "Provisions of mechanic's lien law should be liberally construed so as to reasonably and fairly implement it remedial intent." H STorrington Associates v. Lutz Engineering Co., 185 Conn. 549,553, 441 A.2d 171 (1981). However, such a policy has limitations. "Although this legislation creates a statutory lien in derogation of the common law . . . its remedial purpose to furnish security for a contractor labor and materials requires a generous construction. . . . Generosity of spirit does not, however, permit departure from reasonable compliance with the specific provisions of the statute. Stone v. Rosenfield [141 Conn. 188,191, 104 A.2d 545 (1954)]; City Lumber Company v. Borsuk,
[131 Conn. 640, 645, 41 A.2d 775 (1945)]" (Citations omitted.)Camputaro v. Stuart Hardwood Corporation, 180 Conn. 545, 550-51,429 A.2d 796 (1980).
In J.C. Penney, supra, our Supreme Court stated, were the challenge was to the absence of a written oath on certificate, "To validate a certificate without a written oath would invite confusion, delay and uncertainty into an area where certainty and complete compliance with the statutory requirements are of paramount importance to interested parties and the general public, IBID 514, 518. CT Page 1618
The commencement date, recited in a certificate of mechanic's lien recorded in the Land Records, is notice to the entire world that the lienors claim an encumbrance on the property which is security for performance of services and furnishing of material as of that date. The commencement date is the effective date of the lien regardless of when it is filed. The certificate of lien related back to the commencement date and it is that date which establishes the priority of the lienor.
This court agrees that the mechanic's lien laws should be liberally construed but does not agree that they should be liberally ignored.
Accordingly, the court finds that there are no genuine issues of material facts and that CSB's execution of the mechanic's lien resulted in its invalidity because it contained an incorrect commencement date. That the requirement of a commencement date is notice to the world of the date the encumbrance gains efficacy and such date is critical and crucial to the determination of the rights and priorities of interested parties. The incorrect commencement date misleads the public and the other parties to this action. Because the certificate of lien contained the wrong commencement date, it failed to conform to the express requirements enunciated by the legislature and is an invalid mechanic's lien by definition.
Therefore, the State's Motion for Summary Judgment is granted.
SPALLONE STATE TRIAL REFEREE