F. B. MATTSON COMPANY, INC. *v.* CONRAD
TARTE ET AL.
(SC 15857)

Callahan, C. J., and Borden, Norcott, Katz and Palmer, Js.

Argued October 1—officially released December 1, 1998

*Thomas A. Kaelin*, for the appellant (plaintiff).

*Stephen R. Griffin*, with whom was *Robert P. Hanahan*, for the appellees (defendants).

### Opinion

CALLAHAN, C. J. This certified appeal arises from an action brought by the plaintiff, F. B. Mattson Company, Inc., to foreclose a mechanic's lien on property located at 161 Hillside Avenue in the city of Waterbury (property). The named defendant, Conrad Tarte, is the current owner of the property. The two other defendants are Commercial Investments International, Inc. (Commercial Investments), the previous owner of the property, and Great Western Bank, the holder of a mortgage on the property.

The following facts are relevant to this appeal. In the spring of 1995, the plaintiff, a licensed general contractor, entered into a written agreement with Commercial Investments, then the owner of the property, for renovation of the property on a time and materials basis. Located in a historic district, the property includes a mansion and carriage house that were constructed in the late 1880s. The principal work to be performed under the contract was the replacement of the mansion's deteriorated copper roof.

The renovations began in April, 1995, and were substantially completed on October 3, 1995. By that time, Commercial Investments had fallen behind in payments due the plaintiff under the contract. On October 10, 1995, the plaintiff stopped work on the property but left scaffolding and roofing brackets in place. On that same date, Commercial Investments transferred ownership of the property to Tarte, the president and one-third owner of Commercial Investments.

Tarte subsequently requested that the plaintiff remove the scaffolding and roofing brackets from the property. The plaintiff returned to the premises on November 10, 1995, and two of its employees, a carpenter and an apprentice carpenter, worked all day removing the scaffolding and roofing brackets. Thereafter, the plaintiff performed no further work on the property.

On January 25, 1996, the plaintiff recorded a certificate of mechanic's lien against the property at 161 Hillside Avenue. The certificate, which claimed a balance due of $83,723.29, stated that the plaintiff had ceased furnishing services and materials to the property on November 10, 1995.

The plaintiff subsequently filed the present action seeking to foreclose its mechanic's lien. The trial court rendered judgment in favor of the plaintiff, and the defendants appealed from the trial court's judgment to

the Appellate Court. The Appellate Court concluded that, as a matter of law, the plaintiff had ceased work on October 3, 1995, the date of substantial completion and, consequently, that the plaintiff had failed to satisfy the requirement under General Statutes § 49-34[1] that a mechanic's lien certificate be filed within ninety days of cessation of work. Accordingly, the Appellate Court reversed the trial court's judgment. See *F. B. Mattson Co.* v. *Tarte*, 47 Conn. App. 265, 704 A.2d 813 (1997).

Thereafter, the plaintiff filed a petition for certification to appeal from the judgment of the Appellate Court to this court. We granted certification limited to the following question: "Did the Appellate Court properly conclude that the plaintiff's mechanic's lien was untimely filed?" *F. B. Mattson Co.* v. *Tarte*, 243 Conn. 966, 707 A.2d 1265 (1998). We answer the certified question in the negative and reverse the judgment of the Appellate Court.

We begin our analysis by noting that in Connecticut, the "mechanic's lien is a creature of statute and gives a right of action which did not exist at common law." *Diamond National Corp.* v. *Dwelle*, 164 Conn. 540, 543, 325 A.2d 259 (1973); *Parsons* v. *Keeney*, 98 Conn. 745, 748, 120 A. 505 (1923). "The purpose of the mechanic's

---

[1] General Statutes § 49-34 provides: "A mechanic's lien is not valid, unless the person performing the services or furnishing the materials, (1) within ninety days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing, which shall be recorded by the town clerk with deeds of land, (A) describing the premises, the amount claimed as a lien thereon, the name or names of the person against whom the lien is being filed and the date of the commencement of the performance of services or furnishing of materials, (B) stating that the amount claimed is justly due, as nearly as the same can be ascertained, and (C) subscribed and sworn to by the claimant, and (2) within the same time, or prior to the lodging of the certificate but not later than thirty days after lodging the certificate, serves a true and attested copy of the certificate upon the owner of the building, lot or plot of land in the same manner as is provided for the service of the notice in section 49-35."

lien is to give one who furnishes materials or services the security of the building and land for the payment of his claim by making such claim a lien thereon . . . ." (Internal quotation marks omitted.) *H & S Torrington Associates* v. *Lutz Engineering Co.*, 185 Conn. 549, 553, 441 A.2d 171 (1981); *J. L. Purcell, Inc.* v. *Libbey*, 111 Conn. 132, 136, 149 A. 225 (1930); *Balch* v. *Chaffee*, 73 Conn. 318, 320, 47 A. 327 (1900).[2]

Moreover, "[t]he guidelines for interpreting mechanic's lien legislation are . . . well established. Although the mechanic's lien statute creates a statutory right in derogation of the common law; *Camputaro* v. *Stuart Hardwood Corporation,* [180 Conn. 545, 550, 429 A.2d 796 (1980)]; *Gruss* v. *Miskinis*, 130 Conn. 367, 370, 34 A.2d 600 (1943); its provisions should be liberally construed in order to implement its remedial purpose of furnishing security for one who provides services or materials. *H & S Torrington Associates* v. *Lutz Engineering Co.*, [supra, 185 Conn. 553]; *Henry F. Raab Connecticut, Inc.* v. *J. W. Fisher Co.*, 183 Conn. 108, 115, 438 A.2d 834 (1981). Our interpretation, however, may not depart from reasonable compliance with the specific terms of the statute under the guise of a liberal construction. *Camputaro* v. *Stuart Hardwood Corporation,* supra, 551; *Stone* v. *Rosenfield*, 141 Conn. 188, 191, 104 A.2d 545 (1954)." (Internal quotation marks omitted.) *New England Savings Bank* v. *Meadow Lakes Realty Co.*, 243 Conn. 601, 611–12, 706 A.2d 465 (1998); *Thompson & Peck, Inc.* v. *Division Drywall, Inc.*, 241 Conn. 370, 375–76, 696 A.2d 326 (1997).

Section 49-34 provides in relevant part: "A mechanic's lien is not valid, unless the person performing the services or furnishing the materials . . . within ninety

[2] "Persons entitled to claim a mechanic's lien . . . are those who have provided 'services' or 'materials' in connection with 'the construction, raising, removal or repairs of any building or any of its appurtenances or in the improvement of any lot or in the site development or subdivision of any

days after he has ceased to do so, lodges with the town clerk of the town in which the building . . . is situated a certificate in writing . . . describing the premises, the amount claimed as a lien thereon, the name or names of the person against whom the lien is being filed and the date of the commencement of the performance of services or furnishing of materials . . . ." The issue in this case, therefore, is whether, as a matter of law, the date on which the plaintiff ceased to "[perform] the services or [furnish] the materials" within the meaning of § 49-34 is October 3, 1995, the date on which work was substantially completed, or November 10, 1995, the date on which the plaintiff, at the defendant's request, removed the scaffolding and roofing brackets from the property.

We previously have concluded that, although the general rule is that the time period for filing a certificate of mechanic's lien commences on the last date on which services were performed or materials were furnished; *Martin Tire & Rubber Co.* v. *Kelly Tire & Rubber Co.*, 99 Conn. 396, 403, 122 A. 102 (1923); when work has been substantially completed and the contractor unreasonably has delayed final completion, the time period for filing a certificate of mechanic's lien will be computed from the date of substantial completion. Id. Moreover, when an unreasonable period of time has elapsed since substantial completion of the work, the performance of trivial services or the furnishing of trivial materials generally will not extend the time for filing the certificate past the date of substantial completion. Id., 400. If, however, subsequent to the date of substantial completion, trivial services or materials are provided at the request of the owner, rather than at the initiative of the contractor for the purpose of saving a lien, the furnishing of such work or material will extend

plot of land . . . .' " *New England Savings Bank* v. *Meadow Lakes Realty Co.*, 243 Conn. 601, 612, 706 A.2d 465 (1998); see General Statutes § 49-33.

the commencement of the period for filing a certificate of mechanic's lien. *Nichols* v. *Culver*, 51 Conn. 177, 183 (1883) (single day's work, rendered at request of owner, sufficient to extend time period); see also *Martin Tire & Rubber Co.* v. *Kelly Tire & Rubber Co.*, supra, 400 (reiterating that, when rendered at request of owner, provision of trivial services and materials operates to extend date for filing certificate of mechanic's lien). Thus, in order for the date on which a contractor ceased "performing . . . services or furnishing . . . materials" within the meaning of § 49-34 to be computed as the date of substantial completion, rather than as the date on which services or materials actually were last rendered or furnished, the following conditions must be satisfied: (1) the contractor must have unreasonably delayed final completion; *and* (2) any services or materials rendered by the contractor subsequent to the date of substantial completion must have been furnished at the contractor's initiative, rather than at the owner's request.

On November 10, 1995, two persons employed by the plaintiff, a carpenter and a carpenter's apprentice, worked all day removing scaffolding and roofing brackets from the property. The work was done at the request of Tarte. Consequently, even if we assume, without deciding, that the plaintiff unreasonably delayed final completion of the work, and if we further assume, without deciding, that the work done on November 10, 1995, was trivial, under the rule of *Nichols* v. *Culver*, supra, 51 Conn. 183, the time period for filing a certificate of mechanic's lien is computed from November 10, 1995, rather than from October 3, 1995, the date of substantial completion.

Relying on *Martin Tire & Rubber Co.* v. *Kelly Tire & Rubber Co.*, supra, 99 Conn. 403, the Appellate Court nevertheless concluded that the work done by the plaintiff on November 10, 1995, did not operate to extend

commencement of the ninety day time period for filing the certificate of mechanic's lien beyond October 3, 1995. In *Martin Tire & Rubber Co.*, we determined that, under the circumstances of that case, certain services, namely, preparation for the removal and the actual removal of the contractor's equipment from the property, were trivial and, therefore, did not operate to extend commencement of the statutory filing period past the date of substantial completion. Id., 403. Those services, however, *were not rendered at the request of the owner.* We explicitly stated in *Martin Tire & Rubber Co.* that when furnished at the request of the owner, even *"trivial work done or material furnished will be sufficient to extend the time for filing the lien . . . ."* (Emphasis added.) Id., 400.

Regardless of the fact that it was at the request of Tarte that the plaintiff removed the roofing brackets and scaffolding from the property, Great Western argues that the work done on November 10, 1995, did not operate to extend the commencement of the ninety day period for filing a certificate of mechanic's lien because, in its view, the work done on that date did not constitute lienable "services." General Statutes § 49-33 (a), however, provides in relevant part: "If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction . . . or *repairs of any building* . . . the building, with the land on which it stands . . . is subject to the payment of the claim." (Emphasis added.) We recognize that we concluded that *under the circumstances of Martin Tire & Rubber Co.* "preparation for removal and the removal of the [contractor's] equipment . . . was [not] the rendition of such service as would warrant the filing of a mechanic's lien . . . ." Id., 403. In the present case, however, removal of the roofing brackets from the building's roof was a necessary predicate to removing the plaintiff's equipment from the property. The

undisputed testimony was that, in order to remove the roofing brackets from the building's roof, two of the plaintiff's employees, a carpenter and an apprentice carpenter, spent a total of sixteen hours lifting shingles, removing nails from the shingles, sliding out the roofing brackets, replacing the nails, tarring the nail holes and retarring the shingles in place. We conclude, therefore, that, under those circumstances, removal of the roofing brackets from the building's roof was part of the *repair of the building* and, as such, was a lienable service pursuant to § 49-33.[3] Because the plaintiff furnished that service at Tarte's request, we further conclude that the date on which the plaintiff ceased to "[perform] . . . services [and furnish] . . . materials" within the meaning of § 49-34 was November 10, 1995, and that, consequently, the plaintiff's mechanic's lien was timely filed.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to affirm the judgment of the trial court.

In this opinion the other justices concurred.

---

[3] We express no opinion as to whether the work subsequently done by the plaintiff in removing the scaffolding materials and the roofing brackets from the property constitutes lienable services under § 49-33.