[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The applicants, Stephen J. Graboski and Laurie A. Graboski, seek a discharge of a mechanic's lien recorded by the respondent Richard Bisciotti d/b/a Dick's Artesian Well Co., Inc.
The court heard the application on August 14, 2000, when the respondent testified and submitted documents into evidence. The applicants did not present testimony but submitted documentary evidence.
Under General Statutes § 49-35b(1), the respondent first is required to establish that there is probable cause to sustain the validity of the lien. Based upon the documents submitted and the applicable law, he has not met this burden.
General Statutes § 49-34 provides,
Sec. 49-34. Certificate of lien to be recorded andCT Page 10170 notice given to owner. A mechanic's lien is not valid, unless the person performing the services or furnishing the materials, (1) within ninety days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing, which shall be recorded by the town clerk with deeds of land, (A) describing the premises, the amount claimed as a lien thereon, the name or names of the person against whom the lien is being filed and the date of the commencement of the performance of services or furnishing of materials, (B) stating that the amount claimed is justly due, as nearly as the same can be ascertained, and (C) subscribed and sworn to by the claimant, and (2) within the same time, or prior to the lodging of the certificate but not later than thirty days after lodging the certificate, serves a true and attested copy of the certificate upon the owner of the building, lot or plot of land in the same manner as is provided for the service of the notice in section 49-35.
The mechanic's lien here reads as follows,
VOL. 159 PAGE 780
 MECHANIC'S LIEN
493
IT IS HEREBY CERTIFIED THAT the undersigned, RICHARD BISCIOTTI, d/b/a DICK'S ARTESIAN WELL CO., INC., having a principal place of business at Litchfield Road, P.O. Box 895, Town and Country of Litchfield, State of Connecticut, in accordance with a certain Agreement between RICHARD BISCIOTTI, d/b/a DICK'S ARTESIAN WELL CO., INC. and STEPHEN GRABOSKI, OF 403 Winchester Road, Winsted, CT., furnished materials performed labor in connection with a well to the real property located at Lot #090B — Hill Rd., Harwinton, CT., pursuant to Agreement signed by both parties, on the premises owned by STEPHEN GRABOSKI, as recorded in Vol. 157, Page 955, of the Harwinton Land Records and bounded and described as follows:
SEE SCHEDULE A. ATTACHED HERETO AND MADE A PART HEREOF. CT Page 10171
Dated at Thomaston, Connecticut, this 23rd day of May, 2000.
 _______________________________ Richard Bisciotti, d/b/a Dick's Artesian Well Co., Inc.
The mechanic's lien does not meet the statutory requirements in several respects. The amount claimed is missing; the date of commencement of services is also missing, as is the statement that the amount claimed is justly due. Finally, the lien is not subscribed and sworn to by the respondent.
 "[t]he guidelines for interpreting mechanic's lien legislation are . . . well established. Although the mechanic's lien statute creates a statutory right in derogation of the common law; its provisions should be liberally construed in order to implement its remedial purpose of furnishing security for one who provides services or materials. Our interpretation, however, may not depart from reasonable compliance with the specific terms of the statute under the guise of a liberal construction.
(Citations omitted.) F.B. Mattson Company, Inc. v. Tarte, 247 Conn. 234,238 (1998). Because there has not been reasonable compliance with the statute, the lien is not valid.[1]
Accordingly, the application to discharge the mechanic's lien is granted.
DiPentima, J.