[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION FOR DISCHARGE OR REDUCTION OF MECHANIC'S LIEN
I. Background
On October 10 and October 23, 2000, the court held a hearing concerning the application of Richard M. Wagner ("Wagner") to discharge or reduce a mechanic's lien placed on real property owned by him, located in Burlington, Connecticut. Peter Kores ("Kores"), the respondent, placed the mechanic's lien on the Burlington premises, and claimed that, CT Page 13187 pursuant to an alleged contract between Wagner and himself, Wagner owed him the sum of $35,000. Both Wagner and Kores testified at the hearing and various exhibits were admitted in evidence. Pursuant to Conn. Gen. Stat. Sec. 49-35b, and after due consideration of the facts before it, the court orders the lien to be discharged since probable cause to sustain its validity was not established.
II. Standard of Review
At the hearing on an application to discharge a mechanic's lien, Conn. Gen. Stat. Sec. 49-35b(a) requires the mechanic's lienor to establish probable cause to sustain the validity of his or her lien. "Although the mechanic's lien statute creates a statutory right in derogation of the common law . . . its provisions should be liberally construed in order to implement its remedial purpose of furnishing security for one who provides services or materials." (Citations omitted.) F. B. Mattson Co.,Inc. v. Tarte, 247 Conn. 234, 237, 719 A.2d 1158 (1998). "Our interpretation, however, may not depart from reasonable compliance with the specific terms of the statute under the guise of a liberal construction." (Citations omitted.) Id. "We cannot . . . depart from the plain meaning of the words of the statute." Stone v. Rosenfield,141 Conn. 188, 191, 104 A.2d 545 (1954).
"The probable cause standard embodied in the statute is analogous to that provided in the statutory provisions relating to prejudgment remedies." Pero Building Co. v. Smith, 6 Conn. App. 180, 182, 504 A.2d 524
(1986). "The legal idea of probable cause is a bona fide belief in the existence of facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it." (Citation omitted.) LedgebrookCondominium Assoc. v. Lusk Corp., 172 Conn. 577, 584, 376 A.2d 60
(1977).
To demonstrate probable cause to sustain a lien, a person must first show that he is one of those persons entitled to claim a lien. NewtownAssoc. v. Northeast Structures, Inc., 15 Conn. App. 633, 637, 546 A.2d 310
(1988). Under Conn. Gen. Stat. Sec. 49-33, "[l]ienors are protected if they have a claim either (1) by virtue of an agreement with or the consent of the owner of the land, or (2) by the consent of some person having authority from or rightfully acting for such owner in procuring labor or materials." (Citation and internal quotation marks omitted.)Hall v. Peacock Fixture Electric Co., 193 Conn. 290, 293, 475 A.2d 1100
(1984). "The consent meant by the statute must be a consent that indicates an agreement that the owner of at least the land shall be, or may be liable for the materials or labor. Although an express contract is not necessary for such a consent, the services must be furnished under CT Page 13188 circumstances indicating an implied contract by the owner to pay for them." (Citation and internal quotation marks omitted.) CenterbrookArchitects v. Laurel Nursing Serv., 224 Conn. 580, 591, 620 A.2d 127
(1993).
III. Discussion
In this case, Kores based his lien on a claim that he had a contract with Wagner for the construction of a home on Wagner's property. His mechanic's lien, dated May 10, 2000, Exhibit 2, is premised on "a certain contract between myself and the said Richard Wagner. . . ." Id. He claimed that he provided services and furnished materials commencing on June 6, 1999 and ending on February 13, 2000. At the hearing, he testified that he had been in charge of erecting the house.
Contrary to the claim made in the lien, the evidence demonstrates that the only contract entered into by Wagner for the construction of the house was with New Home Buildings Services, L.L.C. ("New Home"). Exh. 3. The evidence reflects a series of checks signed by Wagner, issued between June, 1999 and November, 1999, all made payable to New Home, in connection with the construction project. Exh. 1. No check from Wagner was ever made payable to Kores. In fact, Kores confirmed that he received payments from New Home, in the amount of approximately $128,000, for his work on the job.
In his testimony, Kores confirmed that his name is not mentioned in the contract, Exhibit 3. Instead, he asserted that he and Wagner had a "verbal contract," which he entered into with Wagner in July, 1999, whereby Kores became the prime contractor, instead of New Home, for the construction of the house. Ostensibly, New Home assigned the contract to Kores. No documentation of such an assignment was presented. Kores offered various checks he had written, on his own account, to suppliers and persons who worked at the site. Exh. A.
On February 14, 2000, Wagner issued a letter, giving notice that he was terminating the contract, based on claimed delays in completion of the project and claimed defects in workmanship. Attached to that letter was Wagner's summary of issues relating to monies paid, owed and held in reserve. Exh. 4. On cross-examination, Kores cited this letter as evidence of a contract between Wagner and himself. To the contrary, this letter was addressed to New Home, at an address in Bristol, Connecticut; Kores' name was simply listed as the person to whose attention the letter was sent. In addition, the letter was copied to Adam Demeusy of New Home and to New Home's attorney. Id.
In view of the agreement between New Home and Wagner, the payments by CT Page 13189 Wagner to New Home, the payments by New Home to Kores, the lack of any payments by Wagner to Kores, and the termination letter, the court finds that there is no probable cause to believe that there was a contract between Kores and Wagner, contrary to Kores' allegations in his lien. Likewise, there is no probable cause to believe that the contract was assigned by New Home to Kores. The history of payments by Wagner to New Home and by New Home to Kores belies this contention. In view of the contract between Wagner and New Home, there was no "consent" by Wagner to be responsible to pay for services rendered by or materials supplied through Kores as an individual.
In his argument, Kores cited Seipold v. Gibbud, 110 Conn. 392, 148 A. 328
(1930), for the proposition that an oral contract may be the basis for a mechanic's lien. As noted above, here, the court has found that there is no probable cause on which to base a belief that an oral contract existed between Kores and Wagner.
Alternatively, Kores argued that he was entitled to assert a mechanic's lien as a subcontractor, citing Seaman v. Climate Control Corp.,181 Conn. 592, 436 A.2d 271 (1980). In Seaman, our Supreme Court stated that a "direct contractual relationship either with the owner or with the general contractor" was not necessary to a subcontractor's lien status. Id. at 596.
As noted above, in his lien, Kores claimed that he had a contract with Wagner. That was the premise on which the lien was filed. A mechanic's lien is "a creature of statute and gives a right of action which did not exist at common law." (Citation and internal quotation marks omitted.)F. B. Mattson Co., Inc. v. Tarte, supra, 247 Conn. 237. It would depart from reasonable compliance with the terms of the statutes to permit a claimant to propound a new lien theory at the hearing on the application to discharge, and long after the expiration of the ninety day period from cessation of the work or the provision of materials within which to record a lien, as provided by Conn. Gen. Stat. Sec. 49-34. In effect, Kores' alternative theory, that he was a subcontractor, which contradicts his lien, constitutes a different lien than the one which he filed within the required time period. It would defeat the purpose of and be contrary to the statutes to permit a claimant to have his lien sustained on an untimely premise which is different from the lien of which he gave the owner notice. Accordingly, the alternative theory does not provide a basis upon which probable cause to sustain the lien which was filed may be found.
CONCLUSION
For the foregoing reasons, Wagner's application to discharge the CT Page 13190 mechanic's lien is granted. It is so ordered.
BY THE COURT,
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT