[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 13626
This application to discharge a mechanic's lien involves the statutory time period for the filing of such liens. The plaintiff is Susan Ellen Wheeler, owner of property located at 30 Surf Road, Westport. On November 17, 1999, the defendant, Connecticut Floor Supply, Inc., recorded a certificate of mechanic's lien against this property in the amount of $12,967 for supplying and installing hardwood floors at the above address.
The plaintiff has moved to discharge this lien pursuant to General Statutes § 49-35a on the basis that the defendant failed to file its lien within ninety days after substantially completing its work at the plaintiff's premises. General Statutes § 49-34(1) provides that a mechanic's lien is not valid unless the certificate is filed "within ninety days" after the lienor "has ceased" performing its services.
In the present application, the plaintiff contends that the defendant ceased performing any work at her home in early June, 1999, but did not file its certificate of lien until November of 1999. Hence, according to the plaintiff, the lien was not timely filed and should be discharged of record.
General Statutes § 49-37(b)(5) provides that at a hearing on a motion to discharge a mechanic's lien, the lienor must first establish probable cause to sustain the validity of the lien. If probable cause is established, the home owner must then prove "by clear and convincing evidence that the validity of the lien should not be sustained . . ." Probable cause is not tantamount to proof by a preponderance of the evidence. Probable cause involves a bona fide belief in the existence of facts essential under the law for the action and would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. New England Land Company, Ltd. v. DeMarkey, 213 Conn. 612,620, 569 A.2d 1098 (1990).
First Constitution Bank v. Harbor Village Ltd. Partnership,230 Conn. 807, 816, 646 A.2d 812, on remand, 37 Conn. App. 698,657 A.2d 1110 (1994), determined that the phrase "liberal" should be applied to the construction of a mechanic's lien. On the other hand, as was stated in J. C. Penney Properties, Inc. v. Peter Santella Co.,210 Conn. 511, 514, 555 A.2d 990 (1989), it is also axiomatic that "[G]enerosity of spirit does not, however, permit departure from reasonable compliance with the specific provisions of the [mechanic's lien] statute.".
In the hearing held on the plaintiff's application, the defendant, a CT Page 13627 flooring subcontractor, demonstrated probable cause to sustain the validity of its lien. The defendant provides certain services and the invoices were not paid in full. Moreover, on its face, the lien complies with the requirements of General Statutes § 49-34, including timely filing, because the certificate contained a representation that the lien was filed within ninety days after the defendant ceased working at the plaintiff's home on August 25, 1999. The burden then shifted to the plaintiff to prove by clear and convincing evidence that the mechanic's lien is invalid. The plaintiff did not sustain her burden in this regard.
The defendant returned to the plaintiff's home on or about August 25, 1999 to put down a new finish coat on the floors, including resanding one of the rooms. This resurfacing or recoating was necessary because the original finish, which had been chosen by the general contractor, JMW Builders, and/or the plaintiff, was almost invisible and not adequate.
The determination of the "last day" on which services were rendered as contrasted with the date of "substantial completion" of services was discussed in F. B. Mattson Co., Inc. v. Tarte, 247 Conn. 234, 239,719 A.2d 1158 (1998). "We previously have concluded that, although the general rule is that the time period for filing a certificate of mechanic's lien commences on the last date on which services were performed or materials were furnished; when work has been substantially completed and the contractor unreasonably has delayed final completion, the time period for filing a certificate of mechanic's lien will be computed from the date of substantial completion. Moreover, when an unreasonable period of time has elapsed since substantial completion of the work, the performance of trivial services or the furnishing of trivial materials generally will not extend the time for filing the certificate past the date of substantial completion. If, however, subsequent to the date of substantial completion, trivial services or materials are provided at the request of the owner, rather than at the initiative of the contractor for the purpose of saving a lien, the furnishing of such work or material will extend the commencement of the period for filing a certificate of mechanic's lien . . . Thus, in order for the date on which a contractor ceased performing . . . services or furnishing . . . materials within the meaning of § 49-34 to be computed as the date of substantial completion, rather than as the date on which services or materials actually were last rendered or furnished, the following conditions must be satisfied: (1) the contractor must have unreasonably delayed final completion; and (2) any services or materials rendered by the contractor subsequent to the date of substantial completion must have been furnished at the contractor's initiative, rather than at the owner's request." (Citations omitted; internal quotation marks omitted.) Id., 239-40. CT Page 13628
The plaintiff was unable to sustain her burden of proving that the work performed by the defendant in August, 1996, was "trivial," or was the result of an "unreasonable delay of final completion," or was performed at the defendant's "initiative." of course, at a full trial, the plaintiff may be able to demonstrate that the defendant did not perform any work giving rise to a mechanic's lien after June, 1999, but she was unable to prove by clear and convincing evidence at the hearing before the undersigned that the lien was not timely filed. Accordingly, the plaintiff's application to discharge the mechanic's lien filed by the defendant is denied.
So Ordered.
Dated at Stamford, Connecticut, this 6th day of November, 2000.
William B. Lewis, Judge Trial Referee