[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
This is an application by the plaintiff, Kjersten Mills, owner of property known as lot 10, Thorpe Street, Weston, also known as 4 Aspetuck Glen, to discharge a mechanic's lien. On November 19, 1999, the defendant, Connecticut Floor Supply, Inc., recorded a certificate of mechanic's lien against this property in the amount of $23,957.60, representing an alleged balance due for supplying and installing hardwood floors at the above address. The defendant was a subcontractor for JMW Builders, the general contractor. CT Page 109
The plaintiff, as owner of the liened property, has moved to discharge this lien pursuant to General Statutes § 49-35a on the basis that (1) the defendant lienor failed to file its lien within ninety days after substantially completing its work at the plaintiff's premises; (2) the amount billed to the plaintiff was not correct because the defendant exaggerated the number of square feet of flooring allegedly supplied; (3) the work by the defendant was performed in an unworkmanlike manner; and (4) the defendant failed to properly credit certain payments made by the general contractor on behalf of the plaintiff
General Statutes § 49-35b(a) provides that at a hearing on a motion to discharge a mechanic's lien, the lienor must first establish probable cause to sustain the validity of the lien. Probable cause is not tantamount to proof by a preponderance of the evidence. Probable cause involves a bona fide belief in the existence of facts essential under the law for the action and which would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. NewEngland Land Company, Ltd. v. DeMarkey, 213 Conn. 612, 620, 569 A.2d 1098
(1990).
First Constitution Bank v. Harbor Village Ltd. Partnership,230 Conn. 807, 816, 646 A.2d 812, on remand, 37 Conn. App. 698,657 A.2d 1110 (1994), determined that the phrase "liberal" should be applied to the construction of a mechanic's lien. On the other hand, as was stated in J. C. Penney Properties, Inc. v. Peter Santella Co.,210 Conn. 511, 514, 555 A.2d 990 (1989), it is also axiomatic that "[G]enerosity of spirit does not, however, permit departure from reasonable compliance with the specific provisions of the [mechanic's lien] statute."
General Statutes § 49-34 requires that a certificate of mechanic's lien contain the name of the owner of the liened property, a description of the property against which the lien is filed, the start and completion dates of the supplies furnished and/or work performed, and a statement that the amount claimed is "justly due." In addition, the lienor must personally subscribe and swear to the lien.
The lien sought to be discharged complies with the requirements of General Statutes § 49-34, including timely filing, because the certificate contained a representation that the lien was filed within ninety days after the defendant ceased working at the plaintiff "s home on September 16, 1999. In addition, both principals of the defendant corporation, John Heggland and Rose Heggland, testified credibly that work was performed on the subject premises until September 16, 1999, as represented in the lien. CT Page 110
Once probable cause is established, the burden then shifts to the plaintiff to prove by "clear and convincing" evidence that the mechanic's lien is invalid. General Statutes § 49-35b(a). "The phrase clear, substantial and convincing evidence fairly characterizes that degree of belief that lies between the belief that is required to find the truth or existence of the issuable fact in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. In cases such as this which require such a showing of proof, the burden of persuasion is sustained if the evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probably true, that the probability that they are true or exist is substantially greater than the probability that they are false or do not exist." (Citations omitted; internal quotation marks omitted.) Lopinto v. Haines,185 Conn. 527, 534, 441 A.2d 151 (1981).
The plaintiff's first contention is that General Statutes § 49-34(1) provides that a mechanic's lien is not valid unless the certificate is filed "within ninety days" after the lienor "has ceased" performing its services. In the present application, the plaintiff claims that the defendant ceased performing any work at her home in the beginning of August, 1999, but did not file its certificate of lien until November 19, 1999. Hence, according to the plaintiff, the lien was not timely filed and should be discharged of record.
The determination of the "last day" on which services were rendered as contrasted with the date of "substantial completion" of services was discussed in F. B. Mattson Co., Inc. v. Tarte, 247 Conn. 234, 719 A.2d 1158
(1998). "We previously have concluded that, although the general rule is that the time period for filing a certificate of mechanic's lien commences on the last date on which services were performed or materials were furnished; when work has been substantially completed and the contractor unreasonably has delayed final completion, the time period for filing a certificate of mechanic's lien will be computed from the date of substantial completion. Moreover, when an unreasonable period of time has elapsed since substantial completion of the work, the performance of trivial services or the furnishing of trivial materials generally will not extend the time for filing the certificate past the date of substantial completion. If, however, subsequent to the date of substantial completion, trivial services or materials are provided at the request of the owner, rather than at the initiative of the contractor for the purpose of saving a lien, the furnishing of such work or material will extend the commencement of the period for filing a certificate of mechanic's lien. Thus, in order for the date on which a contractor ceased performing services or furnishing materials within the meaning of §49-34 to be computed as the date of substantial completion, rather than CT Page 111 as the date on which services or materials actually were last rendered or furnished, the following conditions must be satisfied: (1) the contractor must have unreasonably delayed final completion; and (2) any services or materials rendered by the contractor subsequent to the date of substantial completion must have been furnished at the contractor's initiative, rather than at the owner's request." (Citations omitted; internal quotation marks omitted.) Id., 239-40.
The plaintiff was unable to sustain her burden of proving that the work performed by the defendant in September, 1996, was "trivial," or was the result of an "unreasonable delay of "final completion," or was performed at the defendant's "initiative." Of course, at a full trial, the plaintiff may be able to demonstrate that the defendant did not perform any work giving rise to a mechanic's lien after August, 1999, but she was unable to prove by clear and convincing evidence at the hearing before the undersigned that the lien was not timely filed.
The other arguments submitted by the plaintiff also do not meet the exacting standard of "clear and convincing" evidence. As to the amount of square footage, Mr. Heggland testified that he personally measured the amount of floor space to be 6,762 square feet, whereas the testimony to the contrary was based primarily on an examination of the blue prints. The evidence on the quality of work was somewhat ambiguous and contradictory.
As to the proper amount of credits, the defendant was ordered off the job before it could be completed. The defendant concedes that a credit should be given to the plaintiff for $6,762, which had been billed for finishing the floors which was not performed by the defendant. In addition, the plaintiff is due a credit for $5,700 for amounts paid to two subcontractors who finished the work.
Thus, pursuant to General Statutes § 49-35b (b), the plaintiff's application to discharge the mechanic's lien filed by the defendant is denied but the amount of the lien is reduced by $12,462 to $11,495.60.
So Ordered.
Dated at Stamford, Connecticut, this 3rd day of January, 2001.
William B. Lewis, Judge