[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Robert Piazza, filed an application for reduction or discharge of the mechanic's lien (the "lien") filed against his property in Bethlehem by Hadley Sutherland, LLC ("Sutherland"). These proceedings are governed by General Statutes § 49-35a and § 49-35b. Under § 49-35b(a), the lienor is first required to establish the existence of probable cause to sustain the validity of its lien. The property owner then has an opportunity to prove by clear and convincing evidence that "the validity of the lien should not be sustained or the amount of the CT Page 894 lien claimed is excessive and should be reduced."
General Statutes § 49-34 provides in pertinent part:
 A mechanic's lien is not valid, unless the person performing the services or furnishing the materials, (1) within ninety days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing, which shall be recorded by the town clerk with deeds of land. . . .(Emphasis added.)
Under § 49-34 a mechanics lien is not valid unless it is filed within ninety days after the lienor has ceased performing services or furnishing materials. The parties have agreed that Sutherland last rendered services or provided materials on April 24, 2000. The court finds that the lien in question was filed with the Bethlehem town clerk on July 25, 2000. The court further finds that the Bethlehem town clerk's office (the "office") including the land records was opened on Saturday, July 22, 2000, as per the sworn affidavit of the town clerk of Bethlehem dated September 11, 2000. The court heard argument on December 11, 2000 and on January 8, 2001.
The threshold issue is whether the lien was filed or could have been filed within the 90 day filing period set at in 49-34(1).
If the 1st day of the statutory period is April 24, 2000, the agreed date when Sutherland last performed services or provided materials, then the 90th day would have been Saturday, April 22, 2000, a day when the office was open. Sutherland argues that the statutory period does not begin to run until the day after the date when Sutherland last provided services or materials, i.e., April 25, 2000. This would make Sunday, July 23, 2000, the 90th day, a day when the office was closed. The office was also closed on Monday, July 24, 2000. The lien was filed on Tuesday, July 25, 2000.
DISCUSSION:
The Connecticut Supreme Court has set forth the rule that the time period for filing a certificate of mechanic's lien commences on the last day on which services were performed or materials were furnished. F.B.Mattson Company, Inc. v. Tarte, 247 Conn. 234, 239 (1998), citing MartinTire Rubber Co. v. Kelly Tire Rubber Co., 99 Conn. 396, 403 (1923).
The court therefore finds that the statutory 90 day period began to run on April 24, 2000 and ended on Saturday, July 22, 2000. The court again CT Page 895 notes that the office was opened on that July 22, 2000 date. The lien was not filed within the prescribed statutory period.
Based on the foregoing, the lien is hereby ordered discharged as provided for in General Statutes § 49-35a.
Cremins, J.