THOMAS J. GILL *v.* NELSON DIORIO ET AL.
(AC 17562)

Landau, Spear and Freedman, Js.

Argued September 23—officially released December 1, 1998

*Louis A. Spadaccini,* for the appellant (defendant Aqua Backflow-Gallicchio Plumbing, Inc.).

*Maureen O'Doherty,* for the appellees (named defendant et al.).

*Opinion*

LANDAU, J. In this appeal, the defendant Aqua Backflow-Gallicchio Plumbing, Inc. (Aqua), appeals from the judgment of the trial court granting a motion to dismiss Aqua's cross complaint against the defendant owners and its third party complaint against the tenant of the subject property.[1] Aqua's claims were alleged pursuant to General Statutes § 49-33.[2]

---

[1] The defendant owners are Nelson Diorio, Gracinda Diorio, Jose Cardoso and Emilia Cardoso. The tenant is Chale Ipanema Restaurant, Inc.

[2] General Statutes § 49-33 provides in relevant part: "(a) If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances or in the improvement of any lot or in the site development or subdivision of any plot of land, and the claim is by virtue of an agreement with or by consent of the owner of the land upon which the building is being erected or has been erected or has been moved, or by consent of the owner of the lot being improved or by consent of the owner of the plot of land being improved or subdivided, or of some person having authority from or rightfully acting for the owner in procuring the labor or materials, the building, with the land on which it stands or the lot or in the event that the materials were furnished or services were rendered in the site development

On appeal, Aqua claims that the trial court improperly (1) granted the motion to dismiss when it ruled that subject matter jurisdiction did not exist, (2) failed to conduct a "trial-like" hearing on the motion and (3) concluded that all payments were made to the general contractor in good faith prior to the filing of Aqua's mechanic's lien. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. The original action was commenced by the plaintiff, Thomas J. Gill,[3] a subcontractor, to foreclose a mechanic's lien placed on 338-342 Franklin Avenue in Hartford (property). Among the defendants were other subcontractors that had also placed mechanic's liens on the property, including Aqua; the owners; and the mortgagees of the property, Equity Bank and Hartford Economic Development Corporation. In due course, Aqua filed a counterclaim against the plaintiff and a cross complaint against all of the other defendants. Aqua also moved to implead and file a third party complaint against the tenant.

---

or subdivision of any plot of land, then the plot of land, is subject to the payment of the claim.

\* \* \*

"(f) Any such subcontractor shall be subrogated to the rights of the person through whom the subcontractor claims, except that the subcontractor shall have a mechanic's lien or right to claim a mechanic's lien in the event of any default by that person subject to the provisions of sections 49-34, 49-35 and 49-36, provided the total of such lien or liens shall not attach to any building or its appurtenances, or to the land on which the same stands or to any lot or to any plot of land, *to a greater amount in the whole than the amount by which the contract price between the owner and the person through whom the subcontractor claims exceeds the reasonable cost, either estimated or actual, as the case may be, of satisfactory completion of the contract plus any damages resulting from such default for which that person might be held liable to the owner and all bona fide payments, as defined in section 49-36,* made by the owner before receiving notice of such lien or liens. . . ." (Emphasis added.)

[3] Although the motion to dismiss was directed to the original complaint as well as to the cross claim and the third party complaint, and was granted as to all three, the plaintiff did not appeal.

With respect to the owners and tenant, Aqua alleged that it had provided materials and rendered services in the construction of improvements to the owners' property pursuant to an agreement with KMR Contractors, Inc. (general contractor). The agreement with the general contractor provided for Aqua to be paid $8582.93, which sum had not yet been paid. To secure payment, Aqua filed a certificate of mechanic's lien on the property in the Hartford land records on March 27, 1996. The complaints further allege that Aqua served written notice of its lien on the owners and tenant, and also identified the encumbrances on the property that were superior and subsequent to Aqua's.

The owners and the tenant moved to dismiss Aqua's cross complaint and third party complaint, respectively, for lack of subject matter jurisdiction.[4] The motion to dismiss, which bore the words "oral argument requested" and "testimony required,"[5] was accompanied by a memorandum of law and an affidavit of Nelson Diorio. The owners and tenant asserted that the owners had hired a general contractor, pursuant to an oral agreement, to perform work on the property and that the owners had made full payment to the general contractor prior to the filing of the mechanic's lien by Aqua. The owners and tenant claimed, therefore, that Aqua did not have standing to allege its claims pursuant to General Statutes § 49-36 (c).[6] Aqua opposed the motion

---

[1] The owners and tenant also moved to dismiss the plaintiff's complaint.

[5] See Practice Book § 11-18, formerly § 211.

[6] General Statutes § 49-36 (c) provides: "In determining the amount to which any lien or liens may attach upon any land or building, or lot or plot of land, *the owner of the land or building or lot or plot of land shall be allowed whatever payments he has made, in good faith, to the original contractor or contractors, before receiving notice of the lien or liens.* No payments made in advance of the time stipulated in the original contract may be considered as made in good faith, unless notice of intention to make the payment has been given in writing to each person known to have furnished materials or rendered services at least five days before the payment is made." (Emphasis added.)

to dismiss arguing that the trial court, as a court of general jurisdiction, had subject matter jurisdiction over the action and that Aqua had standing to press its claim under § 49-33. Furthermore, Aqua argued that the owners and tenant were using the motion to dismiss to test the validity of the cause of action, which is more properly tested by a motion to strike.

The trial court held a hearing on the motion to dismiss during which it admitted into evidence copies of checks indicating payment by the owners to the general contractor. Aqua did not introduce any evidence at the hearing, failed to request a continuance to marshal evidence and did not raise an objection on the ground of improper foundation to the copies of checks being placed in evidence. The trial court granted the motion to dismiss, finding that "the evidence presented demonstrates that all payments in satisfaction of the contract were made to the general contractor prior to the filing of the lien." This appeal followed.

"The conclusions reached by the trial court cannot be disturbed on appeal unless the subordinate facts do not support them." (Internal quotation marks omitted.) *Kelly* v. *Freedom of Information Commission*, 221 Conn. 300, 309, 603 A.2d 1131 (1992). Because a party must have standing to invoke the subject matter jurisdiction of the court, it is appropriate for a court to evaluate whether a party has made a "colorable claim" of injury when a motion to dismiss pursuant to Practice Book § 10-31,[7] formerly § 143, is made.[8] See *Sadloski* v.

---

[7] Practice Book § 10-31 provides in relevant part: "(a) The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . . This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record.

"(b) Any adverse party who objects to this motion shall . . . file . . . a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record."

[8] "Under our current rules of procedure, a motion to dismiss 'may perform the role of either a motion to erase or a plea in abatement under our former

*Manchester,* 228 Conn. 79, 83–84, 634 A.2d 888 (1993). "[W]here a statute or court rule sets prerequisites to suit by a particular plaintiff, a plaintiff not meeting the statutory criteria lacks standing and the court is said to lack jurisdiction over the case. *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 492–93, 400 A.2d 726 (1978)." *Novicki* v. *New Haven,* 47 Conn. App. 734, 739, 709 A.2d 2 (1998).

"Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved." *Steeneck* v. *University of Bridgeport,* 235 Conn. 572, 579, 668 A.2d 688 (1995). "Where a plaintiff lacks standing to sue, the court is without subject matter jurisdiction." Id., 580. "Standing concerns the question whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute . . . ." (Internal quotation marks omitted.) *United Cable Television Services Corp.* v. *Dept. of Public Utility Control,* 235 Conn. 334, 345, 663 A.2d 1011 (1995).

To have standing under the statutes addressing mechanic's liens, particularly §§ 49-33 and 49-36, the claimant must demonstrate that he or she is in the zone

practice.' *Pellegrino* v. *O'Neill,* 193 Conn. 670, 672 n.4, 480 A.2d 476, cert. denied, 469 U.S. 875, 105 S. Ct. 236, 83 L. Ed. 2d 176 (1984). A motion to erase admitted 'all facts which [were] well pleaded, invoke[d] the existing record and [was required to] be decided upon that alone.' *Barde* v. *Board of Trustees,* 207 Conn. 59, 62, 539 A.2d 1000 (1988); 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 103. The plea in abatement was the required pleading when an alleged jurisdictional defect could not be determined on the record. *Carpenter* v. *Planning & Zoning Commission,* 176 Conn. 581, 587–88, 409 A.2d 1029 (1979); 1 E. Stephenson, supra, § 103. Under a plea in abatement, once issues of fact were joined, the trial court was required to conduct an evidentiary hearing to determine the disputed facts necessary to decide the jurisdictional issue. 1 E. Stephenson, supra, § 108 (d)." *Knipple* v. *Viking Communications, Ltd.,* 236 Conn. 602, 608, 674 A.2d 426 (1996).

of interest intended to be protected by those statutes. To fall within that zone of interest protected by §§ 49-33 and 49-36, Aqua had to demonstrate that (1) the total amount of its lien and other liens did not exceed the contract price for satisfactory completion of the project, plus any damages resulting from the default by the general contractor, and (2) any payments to the general contractor by the owner were not bona fide payments pursuant to § 49-36. See General Statutes § 49-33 (f). "No mechanic's lien may exceed the price which the owner has agreed to pay for the building being erected or improved, and the owner is entitled, furthermore, to credit for payments made in good faith to the original contractor before receipt of notice of such a lien or liens." *Seaman* v. *Climate Control Corp.*, 181 Conn. 592, 596, 436 A.2d 271 (1980). The owners and tenant argue that Aqua does not come within the zone of interest protected by the statutes relating to mechanic's liens because it cannot satisfy either prong of the test. We agree.

The question is not whether the trial court has original jurisdiction to hear such matters as the foreclosure of a mechanic's lien, but whether Aqua demonstrated, by a showing of predicate jurisdictional facts, its standing to bring its claim. A careful reading of the record demonstrates that once the owners and tenant produced evidence of payments made in excess of the oral contract, Aqua did not provide the subordinate facts necessary to demonstrate a debt owed and thus failed in its burden of proof. Moreover, Aqua had no claim because the amounts paid and damages sustained by the owners, prior to the filing of the mechanic's lien, far exceeded the amount due to the general contractor under the original oral contract. In the absence of compliance with the authorizing statute, the trial court properly concluded that Aqua lacked standing.

On appeal, Aqua also maintains that the trial court failed to afford it procedural due process, improperly "delved into the merits of the case" and found the payments made by the owners to the general contractor were bona fide. The short answer to these claims is that during the trial court hearing, Aqua failed to preserve any of them for appeal. "Our rules of practice preclude us from considering claims of error unless they are distinctly raised at trial. See Practice Book § [60-5, formerly § 4061]." *Abdelsayed* v. *Narumanchi*, 39 Conn. App. 778, 785, 668 A.2d 378 (1995), cert. denied, 237 Conn. 915, 676 A.2d 397 (1996).

At the hearing, Aqua offered no objection that it was deprived of procedural due process because of the type of hearing conducted by the trial court. On appeal, Aqua does not generate a *Golding*[9] argument but does fashion a plain error argument. See Practice Book § 60-5, formerly § 4061. Plain error review " 'is reserved for those truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings.' . . . [*State* v. *Ortiz*, 217 Conn. 648, 659–60, 588 A.2d 127 (1991).]" *State* v. *Austin*, 244 Conn. 226, 241, 710 A.2d 732 (1998). This is not such an extraordinary case. Therefore, because Aqua did not raise, at any time during the hearing, its claim that the trial court improperly analyzed the motion to dismiss for lack of

___

[9] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). The principles of *Golding* apply to civil cases. See *Budlong* v. *Nadeau*, 30 Conn. App. 61, 64, 619 A.2d 4, cert. denied, 225 Conn. 909, 621 A.2d 290, cert. denied, 510 U.S. 814, 114 S. Ct. 62, 126 L. Ed. 2d 31 (1993).

subject matter jurisdiction and considered the merits of the case, the issue was not preserved, and we will not review it.

Finally, Aqua argues that there were disputed facts regarding whether the payments by the owners to the general contractor were bona fide. The transcript of the hearing demonstrates that only the plaintiff challenged whether the payments were bona fide. Although Aqua objected to the trial court's admission of evidence of payment, Aqua's counsel failed to articulate the basis for the objection. "Our review of evidentiary rulings made by the trial court is limited to the specific legal ground raised in the objection. . . . The reason for this rule is clear: it is to alert the trial court to an error while there is time to correct it . . . and to give the opposing party an opportunity to argue against the objection at trial." *Remington Investments, Inc.* v. *National Properties, Inc.*, 49 Conn. App. 789, 801–802, 716 A.2d 141 (1998). Because Aqua failed to articulate the basis of its objection, the claim was not properly preserved for appellate review.

As to Aqua's second objection raised at the hearing, its counsel stated that "[t]hese so-called exhibits were not submitted with the motion to dismiss." If the basis of the objection was surprise, no request for a continuance was made nor was any evidence of prejudice proffered.[10] See *State* v. *Bagley*, 35 Conn. App. 138, 143, 644 A.2d 386, cert. denied, 231 Conn. 913, 648 A.2d 157 (1994) (defendant did not claim surprise at trial or request continuance to respond to any unanticipated evidence).

---

[10] It would be somewhat disingenuous of Aqua to claim surprise. The motion to dismiss bore the words "testimony required." Therefore, Aqua was on notice that evidence of some kind would be presented at the hearing. Furthermore, Diorio's affidavit that was attached to the motion to dismiss attested to the dates and the amount of payments made. Aqua did not request a continuance to conduct discovery related to those facts.

We conclude, therefore, that the trial court properly granted the motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.