[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff moves to strike the Second, Third, Fourth, Fifth and Sixth Special Defenses of defendant Gretchen J. Markovich. The Second Special Defense alleges plaintiff does not own the subject note and mortgage and therefore is precluded from foreclosing on a mortgage it does not own. This defense raises the issue of plaintiff's standing which "implicates a court's subject matter jurisdiction." Stamford Hospital v. Vega,236 Conn. 646, 656 (1996). Gill v. Diorio, 51 Conn. App. 140, 145
(1998).
Once the question of lack of jurisdiction of the court is raised, it "must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." Community Collaborative ofBridgeport v. Ganim, 241 Conn. 546, 552-53 (1997).
Since defendant disputes plaintiff's ownership of the subject note and mortgage an issue of fact is created. "When issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." Unisys Corp. v. Departmentof Labor, 220 Conn. 689, 695-96 (1991).
Accordingly before this court can resolve this motion to strike, the court sets down for a hearing the jurisdictional issue herein mentioned and directs the clerk's office to place the case on the short calendar for January 5, 1999.
Robert Satter Judge Trial Referee