[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS
CT Page 4125 TO DISMISS (DOCKET ENTRIES NOS. 105, 107 AND 111)
The plaintiffs, Greater Bridgeport Transit District (GBTD), Wilfred Murphy, Constantine Chagares, Angelina Scarpetti, Morgan Kaolian and Raul Laffite (individual plaintiffs) filed a three-count complaint against the defendants, City of Bridgeport, Town of Stratford, Town of Fairfield (the municipal defendants), Greater Bridgeport Transit Authority (GBTA), Joseph P. Ganim, Mark Barnhart, Debbie Rose and Kenneth Flatto. The GBTD, created pursuant to General Statutes § 7-273b et seq., provides intercity public transportation to Bridgeport, Trumbull, Stratford and Fairfield. The individual plaintiffs are directors of the GBTD pursuant to General Statutes § 7-273c.[1] The plaintiffs allege that the municipal defendants have attempted to withdraw their participation in the GBTD and have subsequently created the GBTA. The plaintiffs allege that on December 21, 1998, the municipal defendants held a meeting which was not open to the public and which was held without notice to the individual plaintiffs, during which the defendants established the GBTA as the new transit authority. The plaintiffs claim in count one that because the municipal defendants have failed to pay or secure their expenses and obligations remaining due to the GBTD and therefore have not complied with General Statutes §7-273b(f),[2] they remain members of the GBTD and must continue to participate and contribute to the GBTD in accordance with past practices and agreements. The plaintiffs allege in count two that the municipal defendants should be precluded from participating in the GBTA and that the GBTA was improperly and/or illegally created and should be precluded from operating as a transit district. The plaintiffs argue in count three that the individual plaintiffs were wrongfully discharged as directors of the GBTD, depriving them of a constitutionally protected property right and due process and equal protection of the laws.
The GBTA filed a motion to dismiss the plaintiffs' complaint on the ground that the court lacks subject matter jurisdiction over the plaintiffs' claims. The GBTA argues that the plaintiffs have failed to exhaust their available administrative remedies[3] and lack standing because they have not pleaded and are unable to prove any cognizable injury or other requisite interest in the matters alleged in the complaint. Kenneth Flatto, the Town of Fairfield, Mark Barnhart, Debbie Rose and the Town of Stratford have joined the GBTA's motion to dismiss. The CT Page 4126 plaintiffs have filed an objection to the motion to dismiss, and the matter was heard by the court on March 29, 1999.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted.) Malasky v. MetalProducts Corp. , 44 Conn. App. 446, 452, 689 A.2d 1145, cert. denied, 241 Conn. 906, 693 A.2d 293 (1997). "A motion to dismiss admits all facts well pleaded. . . . In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Citations omitted.) Lewisv. Swan, 49 Conn. App. 669, 674, 716 A.2d 127 (1998) "Because a party must have standing to invoke the subject matter jurisdiction of the court, it is appropriate for a court to evaluate whether a party has made a `colorable claim' of injury when a motion to dismiss pursuant to Practice Book § 10-31, formerly § 143, is made." Gill v. Diorio, 51 Conn. App. 140,144, 720 A.2d 526 (1998)
The moving defendants argue that the plaintiffs do not allege that they have suffered any injury or harm as a result of the defendants' formation of the GBTA. The moving defendants contend that the while the plaintiffs may complain if the defendants take some illegal action against them, they cannot complain of some theoretical defect in the formation of the GBTA, an entity in which they have no interest. The moving defendants further argue that if any injury results from the defective formation of a transit authority, that injury should be vindicated by the State of Connecticut, the Department of Transportation, the affected municipalities or the citizens who use public transportation.
The plaintiffs argue that the GBTD has the power to sue pursuant to General Statutes § 7-273b(d),[4] and therefore has standing to bring this suit against the defendants for failure of the municipal defendants to properly withdraw from the GBTD without first paying or securing their expenses and obligations to the GBTD. The plaintiffs also argue that the CT Page 4127 individual plaintiffs, appointed to their positions pursuant to § 7-273c, have a constitutionally protected property right in their positions, and that they were discharged from their appointed positions without due process of law.
"Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved." Steeneck v. University of Bridgeport, 235 Conn. 572,579, 668 A.2d 688 (1995). "Standing concerns the question whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." Lewis v. Swan, supra, 49 Conn. App. 675. "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy . . .
Our Supreme Court has said that `[s]tanding focuses on whether the party initiating the action is the proper party to request adjudication of the issues.' Stamford Hospital v. Vega,236 Conn. 646, 657, 674 A.2d 821 (1996). The objectives of standing are `held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity.'Weidenbacher v. Duclos, 234 Conn. 51, 62, 661 A.2d 988 (1995). Such a personal stake in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and diligent advocacy." (Citations omitted; internal quotation marks omitted.) U.S.T. Bank/Connecticut v. Davenport,47 Conn. App. 459, 463-64, 705 A.2d 562 (1998)
The plaintiffs allege that the municipal defendants have failed to comply with the requirements of § 7-273b(f). Pursuant to § 7-273b(d), the GBTD possesses the power to sue, as well as such other powers as are necessary or incident to carrying out the powers and purposes of chapter 103 of the General Statutes. It is apparent that the GBTD's power therefore includes enforcing the requirements of § 7-273b(f), whereby the departing defendant municipalities must pay or secure their remaining expenses due to the GBTD before the withdrawal becomes effective. The plaintiffs also allege that the individual plaintiffs have been wrongfully discharged from their positions as directors of the GBTD.[5] It is at least plausible to assume CT Page 4128 that as allegedly discharged appointees, the individual plaintiffs have suffered a direct injury, and as such have a colorable claim. Therefore, the individual plaintiffs have the personal stake in the outcome of this controversy that provides the requisite assurance of concrete adverseness and diligent advocacy.
Accordingly, the moving defendants' motions to dismiss are denied.
SKOLNICK, J.