[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: #102 MOTION FOR DISCHARGE OR REDUCTION OF MECHANIC'S LIENS #103, MOTION TO DISMISS FIRST AND SECOND COUNTS
 ISSUES PRESENTED
Whether to discharge or reduce the mechanic's liens and whether to dismiss counts one and two of the complaint, which seek to foreclose those liens, based on lack of subject matter jurisdiction.
The mechanic's lien filed on December 16, 1997 should be discharged because, as stated by both parties, the lien was not CT Page 14382 filed under oath. Accordingly, the first count of the complaint, pertaining to this lien, is dismissed.
The mechanic's lien filed on December 17, 1997 is discharged and count two of the complaint is dismissed based on subject matter jurisdiction because the plaintiff failed to establish the jurisdictional requisites for this foreclosure action.
 BACKGROUND
The plaintiff, Specialty Interiors (Specialty), commenced this action against GGP Brass Mill, Inc. (GGP) and AM-PM General Contracting (AM-PM). The plaintiff is a subcontractor that provided labor and materials for the construction of the Brass Mill Mall in Waterbury under contract with AM-PM. GGP is the owner of the premises. The plaintiff claims it is entitled to $258,028.60 with interest for work performed on the premises.
To secure payment for materials and labor, the plaintiff filed a mechanic's lien on December 16, 1997. Another mechanic's lien was filed on December 17, 1997. The plaintiff concedes that the first lien is ineffective due to the lack of oath. (Plaintiff's Memorandum in Opposition to Motion to Dismiss, dated July 15, 1999, p. 3.) The first count of the complaint seeks to foreclose on the December 16, 1997 lien, which the plaintiff concedes is invalid. Accordingly, the motion for discharge and to dismiss the first count is granted.
The second count of the complaint seeks foreclosure of the second mechanic's lien, which was recorded on December 17, 1997. According to the sheriff's return, the defendant GGP was served on December 17, 1998, the anniversary date of the recordation of the lien. The return shows that other defendants were served on that date. The defendant GGP argues that it was served on December 21, 1998, as opposed to December 17, 1998, and presented evidence at the hearing to support its argument. Further, the defendant argues that even if it was served on December 17, 1998, the lien had expired and the right to foreclose was lost because the mechanic's lien statutes require a foreclosure action to be commenced within one year of the recordation of the lien.
The defendant GGP moves for a discharge or a reduction of the mechanic's liens on two grounds: (1) the foreclosure action was not filed within one year from the recordation of the lien at issue, and.(2) the plaintiff subcontractor is not within the zone CT Page 14383 of protection afforded by the mechanic's lien statute, General Statutes 49-33 (a). The defendant also filed a motion to dismiss counts one and two, the foreclosure counts, on the grounds that the court lacks subject matter jurisdiction. First, the defendant argues, the action was not commenced within one year as required by statute. Second, the plaintiff is not protected by the mechanic's lien statute because the work was not completed under the consent of the owner within the meaning of § 49-33 (a), and because there are no lienable funds to which the lien may attach.
 DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "Because a party must have standing to invoke the subject matter jurisdiction of the court, it is appropriate for a court to evaluate whether a party has made a "colorable claim" of injury when a motion to dismiss pursuant to Practice Book §10-31, formerly § 143, is made . . ." Gill v. Diorio,51 Conn. App. 140, 144, 720 A.2d 526 (1998)
"The purpose of the mechanic's lien is to give one who furnishes materials or services the security of the building and land for the payment of his claim by making such claim a lien thereon . . ." (Citations omitted; internal quotation marks omitted.) F. B. Mattson Co. v. Tarte, 247 Conn. 234, 237,719 A.2d 1158 (1998). In order to have standing under the mechanic's liens statutes, a subcontractor must demonstrate that it falls within the statutory zone of protection found in General Statutes §§ 49-33 and 49-36. Gill v. Diorio, supra,51 Conn. App. 145-46. A subcontractor must show that "(1) the total amount of its lien and other liens did not exceed the contract price for satisfactory completion of the project, plus any damages resulting from the default by the general contractor, and (2) any payments to the general contractor by the owner were not bona fide payments pursuant to [General Statutes] § 49-36 . . ." Id., 146.
I Commencement of the Foreclosure Suit
The defendant argues in both motions that the December 17, CT Page 14384 1997 lien is invalid because the foreclosure action was not filed within one year from the recordation of the lien. General Statutes § 49-39 provides in pertinent part: "A mechanic's lien shall not continue in force for a longer period than one year after the lien has been perfected, unless the party claiming the lien commences an action to foreclose it, by complaint, cross-complaint or counterclaim, and records a notice of lis pendens . . . within one year from the date the lien was recorded . . ." The mechanic's lien statutes create a right to security for materials and work provided. "Although the mechanic's lien statute creates a statutory right in derogation of common law . . . its provisions should be liberally construed in order to implement its remedial purpose of furnishing security for one who provides services or materials. . . . Our interpretation, however, may not depart from the reasonable compliance with the specific terms of the statute under the guise of a liberal construction. . . ." (Citations omitted; internal quotation marks omitted.) F. B. Mattson Co. v. Tarte, supra,247 Conn. 238; Thompson and Peck, Inc. v. Division Drywall,241 Conn. 370, 376, 696 A.2d 326 (1997).
The defendant argues that the lien expired on the anniversary date of its recordation, December 17, 1998; that its agent for service was not served until December 21, 1998; and that the plaintiff bears the burden of demonstrating compliance with the statute. The plaintiff argues that the defendant was timely served on December 17, 1998 and that even if service was not accomplished on that date it was still valid because the writ, summons, complaint and lis pendens were provided to the sheriff on December 16, 1998,[1] and under General Statutes §52-593a,[2] the sheriff has fifteen days from the time of receipt to accomplish service. The defendant argues that § 52-593a
applies only to statutes of limitation, not the enforcement of a right as in this case.[3]
General Statutes § 49-39 states that an action to enforce a lien must be commenced within one year of the recordation of the lien. See § 49-39. Whether the time period is calculated to include the date of recordation is not entirely clear. InMoran v. B G Realty, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 501734 (Jun. 29, 1993, O'Neill, J.) the court interpreted the time to commence suit to expire the day after the anniversary of the recordation of the lien. In that case, the lien was recorded on December 7, 1990. Id. The court noted that "the time limitation on the right CT Page 14385 to enforce the lien ran on December 8, 1991. . . ." (Emphasis added.) Id.[4]
A recent appellate case noted that the right to enforce a mechanic's lien expires on the anniversary date. In H. G. BassAssociates v. Ethan Allen, Inc., 26 enforce a mechanic's lien expires on the anniversary date. In H. G. Bass Associates v.Ethan Allen, Inc., 26 Conn. Appl 426, 601 A.2d 1040 (1992), the mechanic's lien was perfected on September 26, 1985. Regarding the time for commencement of suit the court stated, "the mechanic's lien filed by the plaintiff became `invalid and [was] discharged as a matter of law'; General Statutes [§] 49-39; on September 19, 1986, one year after the lien had been perfected." H. G. Bass Associates v. Ethan Allen, Inc.,26 Conn. App. 432.
In the present case, the lien was filed on December 17, 1997. The sheriff's return demonstrates that the defendant GGP was served on December 17, 1998, with the writ, summons, complaint, statement of amount in demand, and a copy of the lis pendens. (Sheriff's Return, dated December 17, 1998.) The sheriff's return also shows that other defendants were served on December 17, 1998. At the hearing on these motions, the defendant GGP argued that the second lien expired at 1:59 p. m. on December 17, 1998.
The court finds, based on the one year period as explained inH. G. Bass, that the right to foreclose upon the lien expires on the anniversary of the recordation. The court further finds that the lien was invalid and was discharged at the expiration of the year, and the motion to dismiss is granted because the action was not timely filed.
II Lienable Funds
Connecticut employs a subrogation theory for mechanic's lien claims. General Statutes § 49-33 provides in pertinent part: "Any such subcontractor shall be subrogated to the rights of the person through whom the subcontractor claims . . . In this state, a subcontractor's right to a mechanic's lien is said to flow from his equitable entitlement to the lien which would otherwise attach in favor of the general contractor. . . . Subrogation is consistent with, and an integral part of, our statutory provisions limiting the totality of mechanic's lien to the unpaid contract debt owed by the owner to the general contractor."Seaman v. Climate Control Corporation, 131 Conn. 592, 601-602, CT Page 14386436 A.2d 271 (1980).
General Statutes § 49-36 "measures the lienors' rights against the owner with reference to a lienable fund created by payments owed to the general contractor under the prime contract at the time of notice. . . ." (Citations omitted.) GeneralElectric Supply Co. v. SNETCO, 185 Conn. 583, 586, 441 A.2d 581
(1981). "No mechanic's lien may exceed the price which the owner has agreed to pay for the building being erected or improved, and the owner is entitled . . . to credit for payments made in good faith to the original contractor before receipt of notice of such a lien or liens. . . ." (Citation omitted; internal quotation marks omitted.) Gill v. Diorio, 51 Conn. App. 140, 146,720 A.2d 526 (1998). A claim on a "mechanic's lien is limited to the unpaid contract debt owed by the owner to the general contractor." Paganelli Construction v. United Natural Foods Inc., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 569803 (Jan. 26, 1998, Hale,S.J.R..)
In the present case, according to the subrogation theory, the plaintiff's rights in the mechanic's liens are limited to the unpaid debt from the owner, GGP, to the general contractor, AM-PM. The defendant GGP argues that AM-PM has been paid in full and that there are no lienable funds to which the plaintiff's lien may attach. Therefore, the defendant GGP argues, the lien should be discharged and the foreclosure count dismissed. Additionally, the defendant GGP has not paid any debts to AM-PM since receiving notice of the lien.
The plaintiff has not demonstrated the existence of lienable funds owing from GGP to AM-PM to which it may be entitled. The plaintiff argues that representations as to payment made by Mr. Witkowski established a contractual relationship between the defendant GGP and the plaintiff. (See Transcript, dated May 10, 1999, pp. 41-42.) The plaintiff also argues that payments made to subcontractors were not good faith payments for which the owner could be credited; however no legal support was provided for this proposition. Additionally, the plaintiff did not refute the argument of the defendant GGP, outlined during the hearing, that the defendant was entitled to credit for damages resulting from breach of the general contractor under General Statutes §49-33(f). The plaintiff has failed to demonstrate the existence of lienable funds. CT Page 14387
III Consent of the Owner
Consent of the owner is a prerequisite to a valid lien. "[L]ienors are protected if they have a claim either (1) by virtue of an agreement with or the consent of the owner of the land, or (2) by the consent of some person having authority from or rightfully acting for such owner in procuring labor or materials. . . ." (Citation omitted, internal quotation marks omitted.) New England Savings Bank v. Meadow Lakes Realty Co.,243 Conn. 601, 618, 706 A.2d 465 (1998); Centerbrook, Architectsv. Laurel Nursing, 224 Conn. 580, 583, 620 A.2d 127 (1993). "The mere granting of permission for work to be conducted on one's property has never been deemed sufficient to support a mechanic's lien against the property. . . . We have also recognized long ago that a landowner does not subject his property to a mechanic's lien by simply allowing work to be done on it. . . ." (Citation omitted; internal quotation marks omitted.) New England SavingsBank v. Meadow Lakes Realty Co., supra, 243 Conn. 618; see alsoSt. Catherine's Church v. Technical, 9 Conn. App. 682, 684,520 A.2d 1298 (1987).
In the present case, the plaintiff performed work for the owner, known as "white box" work, and for the tenants, known as "tenant work." The defendant GOP produced documentary evidence during the hearing as to the amount of white box work performed by the plaintiff. Defendant's Exhibit 1. Moreover, the defendant produced waivers of liens from the plaintiff demonstrating that the plaintiff was paid $129,000 for white box work; Defendant's Exhibit 3; and that the balance owed to the plaintiff is roughly $11,000. Defendant's Exhibit 1. The defendant GOP argues that the plaintiff has therefore been paid for almost all of its white box work, and that it did not consent to the tenant's work performed on the premises.
The plaintiff claims it is owed roughly $258,000 from the defendant. The plaintiff fails to provide proof as to how much of its work on this project was for the defendant GOP or whether the defendant GOP consented to such work. The plaintiff's primary argument is based on representations made by Mr. Witkowski, an employee of the defendant GOP, however the plaintiff has not demonstrated that the conversation was understood by both parties to mean that the defendant GOP consented to all of the work performed on the premises. The plaintiff has not demonstrated that it had consent from the defendant GOP; for materials and labor on the premises which would be sufficient to give rise to a CT Page 14388 lien on the subject property.
 CONCLUSION
For the aforementioned reasons, the motion for discharge or reduction is granted in favor of a discharge of the liens, and the motion to dismiss counts one and two is granted.
John R. Caruso