[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISCHARGE MECHANIC'S LIEN
This is an action to foreclose a mechanic's lien in which the defendant property owners, Anthony and Emmie Russo, have moved to discharge that lien.
The defendants claim the lien is invalid because it was filed more than 90 days after the plaintiff ceased to supply materials used in building their house. They also argue that they have paid the amount agreed upon between them and the builder for the building of the house and pursuant to § 49-36, cannot be responsible for additional charges incurred by their contractor.
The plaintiff's lien states that a delivery made on December 1, 1997 is the date it last provided materials to construct the defendants' house. The lien was filed on December 9, 1997.
This is not the case, as the plaintiff's office manager testified the date of the last delivery was actually October 1, 1997. This "delivery" did not entail a charge to the defendants, as it was for a section of molding to replace a prior one which was not suitable for the projected use. The owners did not request this "replacement."
The last delivery of materials to the defendants' site for which a charge was rendered was July 24, 1997. If this court were to adopt that date as the date the plaintiff last provided materials to the defendants, the lien filed on December 9, 1997 would be invalid as it would have been filed more than 90 days from the date materials were last provided.
Addressing this precise issue, our Supreme Court in F.B. Mattson v.Taite, 247 Conn. 234 (1998), has said:
 ". . . the performance of trivial services or the furnishing of trivial materials generally will not extend the time for filing the certificate past the date of substantial completion. Id., 400. If, however, subsequent to the date of substantial completion, the trivial services or materials are provided at the request of the owner, rather than at the initiative of the contractor for the purpose of CT Page 3922 saving a lien, the furnishing of such work or material will extend the commencement of the period for filing a certificate of mechanic's lien." Id., p. 239-40.
This lien seeks to recover a balance in excess of eleven thousand dollars. The contract price of the house was over $181,000. The plaintiff started providing materials in September of 1996. In July of 1997, the last charged delivery was made for a modest amount.
The court does not find the act of October 1, 1997 to constitute the last date of furnishing material within the meaning of § 49-34 of the general statutes.
 II
In addressing the second issue presented, the court refers to Gill v.Diorio, 51 Conn. App. 140 (1998). In that case, the court set out the test for claimants who seek the protection of Sections 49-33 and 49-36.
Such a claimant must demonstrate that:
 "(1) the total amount of its lien and other liens did not exceed the contract price for satisfactory completion of the project, plus any damages resulting from the default by the general contractor, and (2) any payments to the general contractor by the owner were not bona fide payments pursuant to § 49-36. See General Statutes § 49-33 (D. "No mechanic's lien may exceed the price which the owner has agreed to pay for the building being erected or improved, and the owner is entitled, furthermore, to credit for payments made in good faith to the original contractor before receipt of notice of such a lien or liens." Seaman v. Climate Control Corp., 181 Conn. 592, 596, 436 A.2d 271 (1980).
Id. at p. 146.
While Mr. Russo was questioned at length about his numerous payments to both the contractor and sub-contractors, the plaintiff was unable to show that he actually paid in advance to either. Rather, he appeared to have adhered to the progress payment schedule while frequently making payments for other work that was done in a different sequence than the schedule called for. However, he was adamant that he did not pay for work not done nor did he advance funds before he received his perception of value.
CT Page 3923
The amount he paid and the credits he received are consistent with the contract and with his accounting of them. The court finds the payments were bona fide and rejects the plaintiff's claim on this count.
 CONCLUSION
The mechanic's lien filed by the plaintiff against the real property of the defendants Anthony Emmie Russo and recorded at Page 19 of Volume 116 of the Bethany land records is discharged.
Anthony V. DeMayo, Judge Trial Referee