[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action comes before the court on the apportionment defendant's motion to strike the plaintiff's intervening complaint. For the reasons stated below, the apportionment defendant's motion is denied.
 I FACTS AND PROCEDURAL HISTORY
The complaint in this action alleges that Mary Sousa, an employee of Wethersfield CVS, Inc. (CVS), sustained bodily injuries when she fell on slippery and icy conditions in the parking lot of the Wethersfield Shopping Center, located in Wethersfield, Connecticut. Sousa brought a workers' compensation claim and received workers' compensation benefits. On March 15, 2000, CVS filed the underlying complaint against the defendants, M.J. Neiditz Co., Inc. and Wethersfield Associates, LLP, respectively the manager and owner of the premises, seeking to recover the workers' compensation payments it has become obligated to pay. On June 19, 2000, the defendants filed an amended apportionment complaint CT Page 12644 against John Lamore, the snow plow contractor. Subsequently, Sousa filed a three count intervening complaint alleging negligence against M.J. Neiditz Co., Inc., Wethersfield Associates, LLP and Lamore, respectively. The court, Shortall, J., denied Lamore's motion to strike count three of Sousa's intervening complaint, holding that an employee may join an action brought by her employer and assert direct claims against an independent snow removal contractor pursuant to The Workers' Compensation Act, General Statutes § 31-293.[1]
On November 1, 2000, CVS filed an intervening complaint as to Sousa's negligence claim against Lamore pursuant to § 31-293. On November 13, 2000, Lamore filed the present motion to strike CVS's intervening complaint on the ground that § 31-293 does not provide for an intervention by the original plaintiff into the suit of the intervening plaintiff; therefore, CVS has no standing and the court lacks subject matter jurisdiction. Accompanying his motion to strike, Lamore also filed a memorandum of law. On June 5, 2001, CVS filed an objection to Lamore's motion to strike and attached a memorandum of law. The court heard oral argument at short calendar on July 2, 2001, and after reviewing all the pleadings submitted by the parties now issues this memorandum of decision.
 II STANDARD OF REVIEW
Presently before the court is the apportionment defendant's motion to strike on the ground that CVS lacks standing pursuant to § 31-293. "[W]here a statute or court rule sets prerequisites to suit by a particular plaintiff, a plaintiff not meeting the statutory criteria lacks standing and the court is said to lack jurisdiction over the case." Gillv. Diorio, 51 Conn. App. 140, 145, 720 A.2d 526 (1998). "Any defendant, wishing to contest the court's jurisdiction . . . must do so by filing a motion to dismiss. . . ." Practice Book § 10-30. There was no objection to the instant motion on the basis that a motion to dismiss was the proper avenue by which to challenge CVS' intervention. Also, any claim of lack of subject matter jurisdiction cannot be waived. See Practice Book § 10-33. Here, the outcome does not depend on whether the motion is treated as a motion to strike or as a motion to dismiss. See McCutcheon Burr, Inc. v. Berman, 218 Conn. 512, 526-528, 590 A.2d 438
(1991). Accordingly, the court will treat the present motion to strike as a motion to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." CT Page 12645 (Emphasis omitted; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." Practice Book § 10-31(a). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Lauer v.Zoning Commission, 220 Conn. 455, 460, 600 A.2d 310 (1991).
"The plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised." Fink v. Golenbock,238 Conn. 183, 199 n. 13, 680 A.2d 1243 (1996). "[P]arties cannot confer subject matter jurisdiction on the court, either by waiver or by consent." Jolly, Inc. v. Zoning Board of Appeals, 237 Conn. 184, 192,676 A.2d 831 (1996). "[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford,247 Conn. 407, 410-11, 722 A.2d 271 (1999). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.)Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988).
"Standing concerns the question whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute . . . (Internal quotation marks omitted.) United Cable Television Services Corp. v. Dept. of PublicUtility Control, 235 Conn. 334, 345, 663 A.2d 1011 (1995). "Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved." Steeneck v.University of Bridgeport, 235 Conn. 572, 579, 668 A.2d 688 (1995). "Where a plaintiff lacks standing to sue, the court is without subject matter jurisdiction." Id., 580.
 III DISCUSSION
The question before the court is whether an employer has standing, pursuant to § 31-293, to intervene in an action by an employee, brought itself via intervening complaint, against an independent snow removal contractor. Lamore argues that "[t]he right to intervene, pursuant to C.G.S. § 31-293, only is given to the first intervener [sic] and that right only extends to the original lawsuit. The statute does not authorize a secondary intervention into the interven[ing] lawsuit and, thus, such an attempted intervention is prohibited." CT Page 12646 (Memorandum in Support of Motion to Strike, November 9, 2000, p. 2.) CVS argues in response that it has not forfeited any of its rights by not bringing a direct action against Lamore because § 31-293 entitles an employer to intervene in any action brought by the employee.
The Workers' Compensation Act, § 31-293 (a), provides that "when an employee has become injured and is entitled to seek damages from a third party, an employer who has paid or has become obligated to pay workers' compensation benefits to that employee may seek reimbursement from the third party in one of two ways. First, the employer may bring an action directly against the tortfeasor. Second, it may join an action commenced by the employee." Nichols v. The Lighthouse Restaurant, Inc., 246 Conn. 156,163, 716 A.2d 71 (1998). When the employer intervenes, its "only interest in the [employee's] litigation is a statutory right to reimbursement of money paid to [the] employee, should the employee prevail in an action against a third party tortfeasor." Hallenbeck v. St. Mark The EvangelistCorp., 29 Conn. App. 618, 624-25, 616 A.2d 1170 (1992).
"If the language of a statute is plain and unambiguous, we need look no further than the words actually used because we assume that the language expresses the legislature's intent." (Internal quotation marks omitted.)State v. DeFrancesco, 235 Conn. 426, 435, 668 A.2d 348 (1995). The Workers' Compensation Act, § 31-293, states clearly that the employer's only requirement to intervene in a suit by the employee against a third party tortfeasor is that the employer must "[have] paid or . . . become obligated to pay" workers' compensation benefits to the injured employee. Furthermore, the Supreme Court has stated that one of the policy reasons behind § 31-293 is to "protect . . . an employer by allowing the employer to obtain reimbursement for workers' compensation benefits from a third party tortfeasor . . . by becoming an intervening plaintiff." Nichols v. The Lighthouse Restaurant, Inc.,
supra, 246 Conn. 164. Lamore's argument that CVS has no right to intervene into Sousa's claim because it is the initial plaintiff is not supported by the case law. As such, the court finds that CVS has a statutory right to intervene pursuant to § 31-293 because it alleges it paid or has become obligated to pay for Sousa's workers' compensation benefits.
 IV CONCLUSION
Accordingly, CVS has standing under § 31-293 to intervene in Sousa's complaint against Lamore and the apportionment defendant's motion is hereby denied. It is so ordered. CT Page 12647
BY THE COURT,
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT